UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAVELL WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 21-895 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | * | SECTION "B" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Lavell Williams seeks judicial review pursuant to sections 405(g) (and presumably 1383(c)(3)) of the Social Security Act ("the Act") of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for social security disability insurance benefits ("DIB") under Title II of the Act (and presumably supplemental security income benefits ("SSI")).[1] Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate Judge for submission of Findings and Recommendations.

## I. PROCEDURAL HISTORY

Lavell Williams is a 53-year old male with a tenth grade education having relevant work history as a deck engineer in the offshore shipping industry. *See* Administrative Record, ECF No. 14 (hereinafter Transcript ("Tr.")), at 214–15, 242, 309–10. He filed an application on September 25, 2018 for DIB and on September 26, 2018 for SSI alleging disability commencing on September 25, 2014, later amended to January 1, 2018. Tr. at 173, 187–88, 209–11, 241–42, 269. Claimant's disability manifested post-surgery (spinal fusion-neck) neck pain, with anxiety, depression, blurry vision, emotional withdrawal and/or isolation and memory loss. Tr. at 184, 213, 218, 223.

[1] ECF No. 1; *see also* 42 U.S.C. §§ 405(g), 423, 1381a, 1382c(a)(3)(A).

Claimant was represented in the proceedings below by Thomas Klint of Premier Disability Services, LLC, who provided much of the information to the SSA. Tr. at 78, 80, 84–85, 213, 234–35, 244–45. The administrative records reflect that Plaintiff's representative provided two address changes, which were noted in the records. Tr. at 92, 129, 220, 231–33, 251.

Williams' DIB and SSI applications were denied at the agency level on January 29, 2019, indicating that he was not disabled under rules as the medical evidence reflected that Claimant could walk, stand and move independently, was able to grasp, hold and carry objects, and could see well enough to perform usual daily activities. Accordingly, his condition was not severe enough to keep him from working. Tr. 94–103. Claimant requested reconsideration, after which the claim was independently reviewed by a physician and disability examiner. Tr. at 54–77. On May 8, 2019, the SSA determined that the previous determination was proper. Tr. at 104–11. Claimant appealed the adverse determinations and requested a hearing before an administrative law judge ("ALJ"). Tr. at 112–18. By letter dated June 24, 2019, Claimant's representative objected to a video hearing and requested an in-person hearing. Tr. at 128.

In accordance with the prior address change, ALJ Michelle Whetsel sent Notice of the Hearing to Claimant at his Houston, Texas address of record, with a copy to his designated representative. Tr. at 135–158; *see also* Tr. at 129, 251. This notice advised: "If you do not attend the hearing and I do not find that you have a good reason, I may dismiss your request for hearing. I may do so without giving you further notice." Tr. at 130. When neither Claimant nor his representative returned the enclosed acknowledgment, another "Notice of Hearing – Important Reminder" was sent to them both, reiterating the scheduled hearing on Thursday, February 20, 2020, at 1:00 p.m. at 9945 Bissonnet Street in Houston, Texas. *Id.* at 159–62.[2] This notice again

[2] *See* 20 C.F.R. §§ 404.938, 416.1438.

advised: "If you do not appear at this hearing, and do not provide a good reason why you did not appear, the administrative law judge (ALJ) will dismiss your request for hearing without further notice. If the ALJ dismisses your request for hearing, the prior decision will become the final decision of the Commissioner on your application." *Id.* These notices were sent to the address of record for both Plaintiff (12227 Auronia Drive in Houston, TX 77063) and his representative (3397 Coon Rapids Blvd., Suite 100, Minneapolis, MN 55433). Tr. 130, 135, 150–60.

On February 20, 2020, at 1:00 p.m., ALJ Whetsel convened the hearing, but neither Williams nor his representative Klint appeared. Tr. 16–19. After waiting over an hour, ALJ Whetsel noted the time and that she, the court reporter and the vocational expert were present, ready, willing and able to appear, but neither claimant nor his representative had appeared. Tr. at 18. She also noted the fact that the file did not include any notice of mail returned as undeliverable, and that there had been no request to change the date, time or location of the hearing. *Id.* ALJ Whetsel issued the show cause notice, which was mailed to claimant at his last address of record, with a copy to Plaintiff's representative. Tr. 168–70. Claimant responded to that notice by indicating that his "flight got mixed up and security took long to get through. I'm very sorry." Tr. at 171.

On June 30, 2020, ALJ Whetsel issued a decision dismissing Williams' request for hearing based on the failure to appear by both claimant and his counsel. Tr. at 6–7. In her Order of Dismissal, ALJ Whetsel noted:

> An Administrative Law Judge may dismiss a request for hearing if neither the claimant nor the person designated to act as the claimant's representative appears at the time and place set for the hearing; if the claimant has been notified before the time set for the hearing that his request for hearing may be dismissed without further notice if he did not appear at the time and place of hearing; and if good cause has not been found by the Administrative Law Judge for the claimant's failure to appear (20 CFR 404.957(b)(1)(i) and 416.1457(b)(1)(i)). In determining good reason, the Administrative Law Judge will consider any physical, mental,

> education, or linguistic limitations (including any lack of facility with the English language) the claimant may have (20 CFR 404.957(b)(2) and 416.1457(b)(2)).

Tr. at 6–7. After finding that good cause had not been established, ALJ Whetsel dismissed the request for hearing dated May 29, 2019, and noted that the determination dated May 8, 2019, remains in effect. *Id.* Notice of Dismissal was mailed to claimant at his Houston, Texas address, with a copy to his representative. Tr. at 3–5. Claimant's representative requested review from the Appeals Council. Tr. at 14. After granting claimant additional time, the Appeals Council denied the request for review. Tr. at 8–10, 1–2.

Plaintiff Lavell Williams then filed this matter on May 5, 2021. ECF No. 1. In response to this Court's Scheduling Order (ECF No. 15), Plaintiff filed a one-paragraph document entitled "Title of Document" in which states that he is trying to get his "social security benefits back. They was cut off four years ago they keep denying me my benefits, so I came to the courts for help[.] I give them everything they need but they still did not give it back to me . . . ." ECF No. 17, at 1. This document does not include the detailed information required by the Scheduling Order. *See* ECF No. 15. Instead, it attached a two-page report from Dr. Ajay Bindal with a cover letter indicating that he supported Plaintiff's decision to pursue disability, stating: "Patient is unable to pursue gainful employment. Impairment is permanent." *Id.* at 2–4. Notably, Dr. Bindal was not a medical provider identified by Plaintiff during the administrative proceeding (*See* Tr. at 263–6, 284–306, 317–323; *see also* Tr. at 20–32, 37–49, 54–65, 66–77), his letter and report are not part of the administrative record, and the report and letter are dated November 11, 2021, which is after both the proceeding and the filing of the complaint in this matter.

The Commissioner filed a cross-motion for summary judgment and response on January 18, 2022. ECF No. 18. The Commissioner concedes that Plaintiff is entitled to judicial review,[3]

[3] ECF No. 18-1, at 2 (citing *Smith v. Berryhill*, 139 S. Ct. 1765 (2019)).

but argues that this Court's jurisdiction is limited to the issue of whether the Appeals Council properly denied review, not the issue of the underlying determination of whether Plaintiff is disabled and entitled to benefits "as the Commissioner never issued a final decision on the merits."[4] Citing *Brandyburg v. Sullivan*,[5] the Commissioner argues that dismissal of a hearing request for failure to appear is not reviewable absent constitutional error.[6] As to the merits of Plaintiff's request for review, the Commissioner argues that neither the ALJ nor the Appeals Council abused their discretion in determining that dismissal of the hearing request was appropriate, and therefore, this Court should affirm the Appeals Council's denial of review.[7]

## II. STATEMENT OF ISSUES ON APPEAL

Plaintiff fails to identify any issue for appeal, but repeats his request for benefits. ECF Nos. 1, 17. The Commissioner identifies the issue as whether the Appeals Council properly denied review of the ALJ's decision to dismiss the request for hearing and argues that the underlying determination that Plaintiff is not disabled or entitled to benefits is not subject to review in this proceeding. *See* ECF No. 18-1, at 2–3.

## III. ALJ's FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following relevant findings in her ruling:

> A Notice of Hearing was mailed to the claimant on October 29, 2019 at his last known address advising him of the time and place of hearing (Exhibit B-13B). A copy of the Notice of Hearing was also mailed to the claimant's representative (Exhibit B-13B).
>
> The Notice of Hearing contained an explanation of the procedures for requesting a change in the time and place of the claimant's hearing and a reminder that failing to appear at his scheduled hearing without good cause could result in dismissal of the claimant's request for hearing. The Notice of Hearing also asked

---

[4] *Id.*
[5] 959 F.2d 555, 560–62 (5th Cir. 1992).
[6] ECF No. 18-1, at 2 n.2.
[7] *Id.* at 3.

the claimant to return the enclosed Acknowledgement of Receipt (Notice of Hearing) form to let the Hearing Office know that he had received the notice.

Neither the claimant nor his representative returned the Acknowledgment of Receipt (Notice of Hearing) form. Neither of the notices were returned as undeliverable. Accordingly, an attempt was made to contact the claimant and representative as required by 20 CFR 404.938 and 416.1438.

On February 6, 2020, the Hearing Office mailed the claimant and his representative a Notice of Hearing – Important Reminder to remind them to return the Acknowledgment of Receipt (Notice of Hearing) form and to again advise them of the date, time and place of the claimant's scheduled hearing. Neither of these notices were returned as undeliverable.

Neither the claimant nor the representative of record responded to this notice.

Neither the claimant nor the representative of record appeared at the in person hearing [ ] scheduled for February 20, 2020.

A Notice to Show Cause for Failure to Appear was mailed to both the claimant and the representative of record on March 19, 2020. In response, the claimant offered a written explanation for his failure to appear. He stated that his "flight got mixed up and security took long to get through" (Exhibit B17B).

The [ALJ] has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that a good reason has not been provided for the claimant's failure to appear at the time and place of hearing. The claimant's reason for failing to appear does not establish a good cause reason for his failure to appear. The response does not show a circumstance that was unforeseen or beyond the claimant's control. In his response, the claimant does not indicate when his flight was scheduled, or why he needed to be at an airport during the time or on the date of his scheduled hearing. Moreover, the claimant's reason for failing to appear do not show that he was unable to or prevented from contacting the Hearing Office to request a postponement, or a change in the date or time of hearing.

Tr. at 6–7.

## IV. ANALYSIS

### A. Jurisdiction to Review Decisions by Administrative Law Judge

Section 405(g) of Title 42 of the United States Code provides:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

> controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section § 405(g) contains two separate elements: (1) a jurisdictional element that claims be presented to the agency and (2) a requirement that administrative remedies prescribed by the Commissioner's regulations be exhausted.[8] The first element is jurisdictional in nature and cannot be waived.[9] The second element of administrative exhaustion can be waived by the Commissioner or excused by the courts.[10]

A Social Security claimant denied benefits must generally proceed through a four-step administrative review process to obtain review by a federal court:

> (1) the claimant must seek an initial determination of eligibility;
> (2) the claimant must seek reconsideration of that determination;
> (3) the claimant must request a hearing before an ALJ; and
> (4) the claimant must seek review of the ALJ's decision by the agency's Appeals Council.[11]

Courts have disagreed regarding the availability of judicial review under § 405(g) when one of these four steps of the administrative process is absent. But the Supreme Court resolved that issue in *Smith v. Berryhill*[12] in which the Court held that, when the Appeals Council dismisses a request for review as untimely after the claimant has had a hearing from an ALJ on the merits, the dismissal qualifies as a final decision within the meaning of § 405(g).

The *Smith* Court noted the somewhat different issue raised when a claimant falters at an earlier step in the four-step process, such as when a claimant's request for an ALJ hearing is

---

[8] *Smith*, 139 S. Ct. at 1773 (citation omitted).
[9] *See, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").
[10] *Smith*, 139 S. Ct. at 1773–74 (citation omitted) ("Exhaustion of those steps may not only be waived by the agency, but also excused by the courts.").
[11] *Id.* at 1772; *see also* 20 C.F.R. §§ 404.900, 416.1400.
[12] *Smith*, 139 S. Ct. at 1780 (involving review of the Appeals Council's dismissal of an untimely application to review the ALJ's decision rendered after a hearing).

dismissed as untimely and later appeals because, in that situation, the claimant does not receive a "hearing" at all.[13] When faced with that question after *Smith*, lower courts have come to differing conclusions.[14] In this case, however, the Commissioner concedes that Plaintiff is entitled to judicial review.[15]

**B. Scope of Review**

Although the Commissioner concedes that review is appropriate, she argues that review must be limited to the issue of whether the Appeals Council properly denied review, not to the determination of whether Plaintiff is entitled to benefits as the Commissioner did not issue a final decision on the merits of that determination.[16]

When addressing the scope of judicial review of the Appeals Council's dismissal of a case, the Supreme Court noted that a court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of

[13] *Id.* at 1777 n.17.

[14] *Compare Wilson v. Comm'r of Soc. Sec*., No. 21-10278, 2021 WL 3878252, at *3 (11th Cir. Aug. 31, 2021) (holding that ALJ's dismissal of hearing request when claimant failed to appear due to travel difficulties is an administrative requirement that may be waived, not a jurisdictional requirement and thus the court has jurisdiction to review the matter under § 405(g)); *Kwasinski v. Kijakazi*, No. 20-143, 2022 WL 37176, at *2 (N.D. Miss. Jan. 4, 2022) (finding subject matter jurisdiction existed as the administrative exhaustion waived by Commissioner for review of ALJ decision to deny untimely request for ALJ hearing); *Ward v. Saul*, No. 18-1455, 2019 WL 5448598, at *4–5 (N.D. Ala. Oct. 24, 2019) (rejecting lack of jurisdiction argument, finding that the claimant exhausted administrative remedies and received a final decision despite the fact that his hearing was dismissed based on his failure to appear at the hearing, and noting that an ALJ hearing on the merits is not an ironclad prerequisite to judicial review), *with Coe v. Saul*, No. 19-10993, 2020 WL 6729169,*6–7 (S.D.N.Y. Nov. 16, 2020) (holding that, when an applicant's request for hearing before an ALJ is dismissed because he fails to appear and the subsequent application for review to the Appeals Council is dismissed as untimely, the plaintiff has not received a final decision from the Commissioner for purposes of § 405(g) because what is crucial is that the agency at some point render a decision on the merits for the court to review); *Nunez v. Saul*, No. 19-0170, 2020 WL 3962046, *4 (S.D.N.Y. July 13, 2020) (holding a denial of request for a hearing because plaintiff failed to appear did not constitute final decision reviewable under 405(g)) *aff'd sub. nom. Nunez v. Comm'r of Soc. Sec.*, 848 Fed. App'x 35 (2d Cir. May 20, 2021); *Aiken-Canty v. Soc. Sec. Admin.*, No. 18-909, 2019 WL 5290532, *4 (M.D. Penn. Aug. 13, 2019) (holding the court lacked jurisdiction over claim by claimant whose ALJ hearing request was dismissed due to her incarceration, after which the Appeals Council denied her request for review, because her disability claim was stalled at the third step), *R.&R. adopted* 2019 WL 5260360 (M.D. Pa. Oct. 17, 2019); *Wills v. Comm'r of Soc. Sec.*, No. 19-39, 2019 WL 3953954 (N.D. Miss. Aug. 21, 2019) (dismissing under Rule 12(b)(6) for failure to complete agency review rather than for lack of jurisdiction after Appeals Council denied review of ALJ's dismissal of claimant's hearing request for failure to appear).

[15] ECF No. 18-1, at 2.

[16] *Id*.

Social Security, with or without remanding the cause of a rehearing."[17] However, fundamental principles of administrative law counsel against the court deciding a question that has been delegated to an agency if that agency has not first had a chance to address that question.[18] Thus, in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance.[19]

### C. Standard of Review

To the extent that the Commissioner's final decision is reviewable under § 405(g), the correct standard of review would be "substantial evidence" as to any factual findings, such as a determination of good cause, and "abuse of discretion" as to the overall conclusion, such as Appeals Council denying a request for review.[20] An "abuse of discretion" occurs when a decision is based on an error of law or clearly erroneous assessment of the evidence.[21] An abuse of discretion generally occurs only where no reasonable person could take the view adopted by the decisionmaker; if reasonable persons could differ, no abuse of discretion can be found.[22]

---

[17] *Smith*, 139 S. Ct. at 1779 ("In short, there is no *jurisdictional* bar to a court's reaching the merits.") (emphasis added) (citing 42 U.S.C. § 405(g)).
[18] *Id.* (citing cases).
[19] *Id.* at 1780.
[20] *Id.* at 1779 n.19*; see also Novak v. Comm'r of Soc. Sec.*, No. 18-2716, 2020 WL 7364811, *3 (N.D. Ohio Apr. 2, 2020) (applying an abuse of discretion standard to review the ALJ's decision to dismiss a request for hearing due to non-appearance); *Quattlebaum v. Saul*, No. 19-3258, 2021 WL 1225542, at *3 (D. Md. Mar. 31, 2021) (confining review to whether the SSA employed correct legal standards, made findings supported by substantial evidence, and/or abused its discretion in dismissing plaintiff's request for hearing); *Brazell v. Saul,* No. 18-202, 2021 WL 65486, at *4 (W.D. Tex. Jan. 7, 2021) ("[T]he Court must determine whether the Appeals Council abused its discretion in denying Brazell's belated request for review for failing to demonstrate good cause."), *R.&R. adopted*, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021).
[21] *Cf. United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (citation omitted); 5 U.S.C. § 706.
[22] *Brazell*, 2021 WL 65486, at *4 (W.D. Tex. Jan. 7, 2021) (defining abuse of discretion standard for review of Appeals Council's dismissal of untimely request for review).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it is more than a scintilla but less than a preponderance.[23] A finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision.[24] The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try any issues *de novo*.[25] This standard precludes the court from reweighing the evidence or substituting its judgment for that of the administrative fact finder.[26]

**D. <u>Plaintiff's New Evidence (ECF No. 17)</u>**

Initially, the court must determine whether remand for consideration of Plaintiff's new evidence (i.e., Dr. Bindal's letter and report (ECF No. 17, at 3–4)) is appropriate.

Section 405(g) review is limited to the record that was made before the ALJ unless the court orders remand for consideration of new evidence, which requires a showing that there is new evidence that is material and good cause for the failure to incorporate such evidence into the record in a prior proceeding.[27] In order to justify a remand, Plaintiff must establish (1) the evidence is "new" and not merely cumulative of what is already in the record; (2) the evidence must be "material" such that there is a "reasonable possibility" that the evidence would have changed the outcome of the Commissioner's decision and it must be temporally related to the time period for which benefits were denied rather than a subsequently-acquired disability or deterioration of a

---

[23] *Richardson v. Perales*, 402 U.S. 389, 401 (5th Cir. 1971) (citation omitted); *Richard ex rel Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (5th Cir. 2012) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[24] *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citations omitted).
[25] *Halterman ex rel Halterman v. Colvin,* 544 F. App'x 358, 360 (5th Cir. 2013) (citing *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).
[26] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)); *see also Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[27] 42 U.S.C. § 405(g); *Ferrari v. Astrue*, 435 F. App'x 314, 314 (5th Cir. 2010) (citing *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987); *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987)).

condition that was not previously disabling; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the prior administrative record.[28]

Dr. Bindal's report is cumulative of the evidence in the record and Plaintiff has not established good cause for failure to include that evidence below. Accordingly, remand for consideration of this new evidence is neither necessary nor appropriate.

**E. Review of the ALJ's Dismissal of the Hearing Request for Failure to Appear**

Plaintiff objected to proceeding via a video hearing and requested an in-person hearing. Tr. 128. The in-person hearing was scheduled in the city of his residence, as reflected in the administrative record. Tr. at 92, 129, 220, 231–33, 251. Plaintiff was sent two notices with the hearing date and location, both of which included warnings that his case could be dismissed if he failed to appear. Tr. at 130–42, 159–62. In addition, these two notices were also provided to his representative. *Id*. Despite those two notices and warnings, neither Plaintiff nor his representative appeared for the scheduled hearing.

After Plaintiff and his representative failed to appear, the ALJ gave Plaintiff an opportunity to show good cause for that failure. Plaintiff's only response is a statement indicating that his "flight got mixed up and security took long to get through." Tr. at 171. Notably, Plaintiff did not suggest any educational, language, mental or other limitation prevented his appearance at the hearing, as addressed in 20 C.F.R. §§ 404.957(b)(2) or 416.1457(b)(2). Likewise, he offers no information regarding his scheduled flight, how it got "mixed up," why he was out of town on the day of his scheduled hearing, or how slow airport security precluded him from attending the

[28] *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing 42 U.S.C. § 405(g); *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989)); *Szubak v. Sec'y*, 745 F.2d 831, 833 (3rd Cir. 1984); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (citing *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)); *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995).

session. Tr. at 7. Nor did Plaintiff offer any justification for the failure to even contact the hearing office to request a postponement of the hearing. *Id.*

Plaintiff's representative failed to provide any justification for his failure to appear. This is not a situation where the representative withdrew at the last minute as there has been no change of representation. Indeed, Plaintiff's representative continued to represent Plaintiff after the ALJ hearing as he filed the request for review with the Appeals Council on Plaintiff's behalf. Tr. at 14.

An ALJ may deny a request for a hearing without considering the case on the merits if the claimant fails to appear at the hearing without good cause.[29] In doing so, the ALJ must consider physical, mental, educational, and linguistic limitations when considering whether a claimant can show good cause for his or her failure to appear.[30]

Plaintiff has not established any abuse of discretion, error of law or clearly erroneous assessment of the facts by the ALJ in dismissing his request for a hearing after he failed to appear at the scheduled hearing or in the Appeals Council's decision to deny his request for review. He was repeatedly warned that his case could be dismissed if he failed to appear.[31] Because substantial evidence supported the ALJ's finding that Plaintiff did not demonstrate good cause for his failure to appear, the ALJ properly exercised her discretion to dismiss his request for hearing. Thus, the dismissal complied with the appropriate rules and regulations, and the ALJ's dismissal

[29] 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i).

[30] 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).

[31] Tr. at 130-42, 169-72. *See* 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i) (providing that an ALJ may dismiss a request for a hearing when, among other things, a claimant does not appear "at the time and place set for the hearing and [the claimant has] been notified before the time set for the hearing that his request for a hearing may be dismissed without further notice if he did not appear at the time and place of hearing, and good cause has not been found by the [ALJ] for his failure to appear"); 20 C.F.R. §§ 404.936(f)(2), 416.1436(f)(2) (providing that an ALJ may find good cause in other circumstances such as when a claimant needs additional time to secure a representative, the claimant's representative needs more time to prepare or is unavailable, a material witness is unavailable, the claimant lacks readily available transportation, or the claimant was unable to respond to the notice of hearing because of physical, mental, educational, or linguistic limitations).

did not constitute an abuse of discretion.[32]

**F. Review of the Appeals Council's Decision**

Plaintiff has also failed to establish that the Appeals Council improperly denied his request for review. In requesting review of the ALJ's dismissal of his request for hearing, Plaintiff's representative appears to have sent a form letter having no application to the facts of this case. It reads:

> This letter will serve as the Request for Review of the hearing decision for the above-named claimant. The Claimant disagrees with the Administrative Law Judge's denial of their claim for Social Security Disability benefits. Further, they contend that the ALJ made multiple errors of law and the decision was not supported by substantial evidence. On behalf of my client, I respectfully request a remand to the ALJ for further adjudication.

Tr. at 14. The Appeals Council granted Plaintiff's request for additional time and invited Plaintiff to provide a statement of facts and law or any additional evidence. Tr. at 8. Despite that opportunity, Plaintiff failed to respond or provide any additional evidence or justification for the failure to appear at the scheduled hearing.

Contrary to Plaintiff's representative's request for Appeals Council review, the ALJ did not deny Plaintiff's claim for benefits in this case. Rather, the ALJ dismissed his request for hearing because neither Plaintiff nor his representative appeared at the scheduled hearing, in accordance with applicable regulations. Plaintiff did not present the Appeals Council with any evidence to suggest an abuse of discretion, error of law, or absence of substantial evidence supporting the ALJ's factual findings in connection with that dismissal. Consequently, Plaintiff's current attack on the Appeals Council's denial of his request for review is utterly unfounded.

---

[32] *See Susan L. M. v. Kijakazi*, No. 20-202, 2022 WL 203084, at *5 (D. Me. Jan. 23, 2022) (finding no abuse of discretion and affirming ALJ's decision to dismiss claimant's request for hearing where claimant failed to appear at the rescheduled hearing); *Novak v. Comm'r of Soc. Sec.*, No. 18-2716, 2020 WL 7364811, at *1 (N.D. Ohio Apr. 2, 2020) (finding the ALJ properly exercised her discretion to review the claimant's stated reasons for non-attendance to decide whether they were sufficient), *R.&R. adopted*, 2020 WL 6389992 (N.D. Ohio Nov. 2, 2020).

### G. Review of the Underlying "Not Disabled" Determination

When the ALJ dismissed the request for hearing, the underlying May 8, 2019 determination remained in effect. Tr. at 7. The Supreme Court has recognized that a court is not precluded from addressing the underlying disability determination in appropriate situations.[33] This case, however, does not present the type of case where prudence would require the court to proceed and address the underlying disability determination in the absence of a complete record developed through the four-step process.[34]

## V. CONCLUSION

The ALJ applied the appropriate legal standards to determine if Williams possessed good cause for not showing at his hearing. Further, substantial evidence supports the ALJ's decision that Plaintiff did not establish good cause for his failure to appear at the scheduled hearing, and the ALJ's decision is not an abuse of discretion. Likewise, Plaintiff's challenge to the Appeals Council's decision to deny his request for review is unfounded. Accordingly, Plaintiff's complaint seeking review of this matter is without merit and should be dismissed.

## VI. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Claimant's complaint seeking review in this matter and/or motion for summary judgment (ECF Nos. 1, 17) be **DENIED,** that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that the Complaint be **DISMISSED WITH PREJUDICE.**

---

[33] *Smith v. Berryhill*, 139 S. Ct. 1765, 1779–80 (2019).

[34] *See Kwasinski v. Kijakazi*, No. 20-143, 2022 WL 37176, at *2 (N.D. Miss. Jan. 4, 2022) (limiting scope of judicial review to the procedural ground forming the basis for the dismissal); *Brazell v. Saul*, No. 18-202, 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021) (refusing to address merits of underlying ALJ decision when challenging Appeals Council's dismissal of untimely appeal), *R.&R. adopted*, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021); *Bryan v. Comm'r of Soc. Sec.*, No. 19-671, 2020 WL 7041375 (W.D. La. Nov. 12, 2020) (finding that substantial evidence did not support the Appeals Council's procedural finding of untimeliness of claimant's appeal of the ALJ's dismissal of her hearing request due to non-appearance, but refusing to address the substantive disability issue in the first instance); *see also* 20 C.F.R. §§ 404.900, 416.1400.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[35]

New Orleans, Louisiana, this 16th day of March, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[35] *See* 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).